UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEATRICE S. WILLIAMS STEELE,<br><br>         Plaintiff,<br><br>  -against-<br><br>COMBINED LIFE INSURANCE<br>COMPANY OF NEW YORK CHUBB,<br><br>         Defendant. | 1:20-CV-10252 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, who appears *pro se*, brings this action against the "Combined Life Insurance Company of New York Chubb" ("CLI") seeking $7 million in damages. By order dated January 14, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action, but grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The Court received Plaintiff's complaint on December 4, 2020. The complaint is not very clear, but the Court understands it as making the following allegations: Plaintiff was scheduled to undergo brain surgery on December 7, 2020. She is suing CLI – her supplemental medical insurance company – for its failure to pay her claim for the surgery.

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Because Plaintiff alleges that CLI breached its contractual obligation – contained in an insurance policy that Plaintiff held – to pay for Plaintiff's medical expenses, the Court construes

the complaint as invoking the Court's diversity jurisdiction and asserting a claim of breach of contract under state law.

**A.     Diversity jurisdiction**

To establish the Court's diversity jurisdiction, a plaintiff must first show that she and the defendant are citizens of different states. *See* 28 U.S.C. § 1332(a); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where a person "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* But a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).[1] And "a limited liability company . . . takes the

---

[1] Under § 1332(c)(1),

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of –
> (A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State or foreign state where the insurer has its principal place of business.

But this proviso "does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer . . . by the insured for failure to pay policy benefits . . . ." *Rosa v. Allstate Ins., Co.*, 981 F.2d 669, 675 (2d Cir. 1992).

citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

There is a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

**B.     Plaintiff has failed to show that the parties are diverse**

Plaintiff, a citizen of Bronx County, New York, does not allege facts sufficient to reveal CLI's state citizenship; she has attached to her complaint copies of documents from CLI that state that its "home office" is located in Latham, New York (ECF 2, at 5, 24-28), but she does not state whether CLI is organized as a corporation, a limited liability company, or as another type of artificial entity.

Because Plaintiff has failed to allege facts sufficient to reveal CLI's state citizenship, and because CLI may be a citizen, like Plaintiff, of the State of New York, Plaintiff has failed to show that the parties are diverse.[2] Thus, her complaint does not allege facts sufficient to invoke the Court's diversity jurisdiction. The Court therefore dismisses this action for lack of subject-

---

[2] Plaintiff also fails to allege facts that show that she has satisfied the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000.

4

matter jurisdiction. *See* Fed. Riv. P. 12(h)(3). But because Plaintiff is proceeding *pro se*, the Court grants her leave to file an amended complaint in which she clearly shows that the Court may exercise its diversity jurisdiction to consider her claims under state law.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to file an amended complaint in which she alleges facts that clearly show that the Court may exercise its diversity jurisdiction to consider her claims. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for lack of subject-matter jurisdiction. *See id.*

SO ORDERED.

Dated: January 22, 2021
New York, New York

_____
Louis L. Stanton
U.S.D.J.